IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00785-KDB-DCK

| | |
|---|---|
| **MELINDA MORGAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on plaintiff Melinda Morgan's appeal of an unfavorable administrative decision denying her application for supplemental security income under the Social Security Act (Doc. No. 6); Defendant Commissioner of Social Security's ("Commissioner") Brief (Doc. No. 7); the Administrative Record ("AR") (Doc. No. 4); the Memorandum and Recommendation ("M&R") of the Honorable Magistrate Judge David C. Keesler (Doc. No. 8), which recommends that the Commissioner's decision be affirmed; and Plaintiff's Objection to the M&R (Doc. No. 9). Having reviewed the matter de novo and considered the parties' briefs, the administrative record, and the applicable authority, the Court finds the Commissioner's decision to deny Ms. Morgan's Social Security benefits is supported by substantial evidence and uses the correct legal standards. Accordingly, the Court will adopt the M&R and the Commissioner's decision will be **AFFIRMED**.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28

U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party wishing to avail itself of its right to de novo review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (internal quotation marks and citation omitted). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS AND PROCEDURAL HISTORY

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## II. DISCUSSION

The Court has conducted an independent review of the M&R, Morgan's objections, and a de novo review of the applicable record. Upon that review, the Court concludes that the Magistrate Judge's recommendation to affirm the Commissioner's finding that Plaintiff was not disabled under the Social Security Act during the relevant period is correct and in accordance with law. The

Court agrees that the Administrative Law Judge's ("ALJ") findings were "based on a comprehensive and thorough review of the evidence in the record, and the ALJ did not cherry-pick or otherwise mischaracterize the evidence." *See Fowls v. Comm'r of Soc. Sec.*, No. 1:22-CV-00271-KDB-DCK, 2024 WL 3433667, at *2 (W.D.N.C. July 16, 2024).

More specifically, as to Morgan's sole assignment of error that the ALJ failed to provide a full function-by-function analysis of the Plaintiff's ability to engage in handling and fingering, (Document No. 6, pp. 4-5), the Court (as did the Magistrate Judge) finds that the ALJ did not run afoul of *Dowling v. Comm'r of Soc. Sec.*, 986 F.3d 377, 388-389 (4th Cir. 2021) and that the ALJ sufficiently performed a function-by-function analysis, supported by substantial evidence, of Plaintiff's ability to handle and finger. *See* Doc. No. 8 at 9-11.

Therefore, for the reasons discussed above and stated in the M&R, the findings and conclusions of the Magistrate Judge are **ADOPTED** and the Commissioner's decision will be **AFFIRMED**.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R (Doc. No. 8) is **ADOPTED;**
2. The Commissioner's decision is **AFFIRMED**; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 3, 2026

Kenneth D. Bell
United States District Judge